CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSE MANUEL BALCON, NAZARENO LARIOS, MARIA VILLA BALBUENA, and AMALIA CORTES, on behalf of themselves and other employees similarly situated, | Case No.: 18 CV 6956 |
| | **FLSA COLLECTIVE ACTION COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| DALGLISH 7 INC. dba CARRAGHER'S PUB & RESTAURANT, BRIAN McLAUGHLIN, and MICHAEL ROMERO, individually, | ECF Case |
| Defendants. | |

---

Plaintiffs, Jose Manuel Balcon, Nazareno Laros, Maria Villa Balbuena, and Amalia Cortes, (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Danglish 7 Inc., dba Carragher's Pub & Restaurant or any other business entity doing business as Carragher's Pub & Restaurant, located at 228 West 39th Street, New York, New York 10018 (herein, "Carragher's"); and Brian McLaughlin and Michael Romero, individually, (all defendants herein collectively referred to herein as the "Defendants"), and state as follows:

## **INTRODUCTION**

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are each adult residents of New York City.

6.      At relevant times, Defendant, Dalglish 7, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Carragher's Pub & Restaurant, located at 228 West 39th Street, New York, NY 10018.

7.      The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be, controlled by the corporate and individual defendants.

8.      The corporate defendant is in the business of preparing and selling food and drink to the general public.

9.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

10.    Defendant, Brian McLaughlin, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendant, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

11.    Defendant, Michael Romero, is a supervisor / managing agent, and / or proprietor of the corporate defendant, who, together with Brian McLaughlin, actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

12.    The individual defendants each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

13.    Defendant Brian McLaughlin exercised sufficient control over Carragher's day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

14.    Defendant Michael Romero exercised sufficient control over Carragher's day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

15.    Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16.    At all relevant times, Carragher's was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17.    Defendant Carragher's has an annual gross volume of sales in excess of $500,000.

18.    Defendants employed plaintiffs in New York County, New York to work as non-exempt cooks, kitchen workers / helpers, dishwashers, cleaners, flyer persons and general helpers for Defendants' bar and restaurant.

19.    The work performed by Plaintiffs was directly essential to the business operated by Defendants.

20.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

22.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23.    Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

### STATEMENT OF FACTS

#### a.  Plaintiff Jose Manuel Balcon

24.    Plaintiff, Jose Manuel Balcon, was employed by defendants in New York County, New York, as a cook, at defendants' bar and restaurant known as "Carragher's" from in or about April 2015, through March 2018.

25.    During Plaintiff Jose Manuel Balcon's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked five (5) or six (6) days a week, and his work shift consisted of approximately ten (10) or more hours per day, for a total of fifty (50) to sixty (60) or more working hours per week.

26.    Plaintiff Jose Manuel Balcon was not paid overtime compensation. Plaintiff was paid a weekly salary of one thousand two hundred dollars ($1,200.00), in cash. He worked, on average, between fifty (50) and sixty-five (65) hours per week.  Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

27.    Plaintiff Jose Manuel Balcon was paid a salary for his weekly working hours, and was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

28.    Plaintiff Jose Manuel Balcon was paid in cash and was not given a weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

### b. Plaintiff Nazareno Larios

29.      Plaintiff, Nazareno Larios, was employed by defendants in New York County, New York, as a dishwasher and cleaner, and cook, at defendants' bar and restaurant known as "Carragher's" from in or about August 2015, through September 2017.

30.      During Plaintiff Nazareno Larios' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately eight (8) hours per day on weekdays, and fifteen (15) hours per day on Saturdays and Sundays, for a total of sixty-two (62) working hours per week.

31.      Plaintiff Nazareno Larios was not paid overtime compensation. Plaintiff was paid an hourly wage of $9.00 (weekly $558.00), in cash, and he worked on average, approximately sixty-two (62) hours per week.  Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

32.      Plaintiff Nazareno Larios was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

33.      Plaintiff Nazareno Larios was paid in cash and was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

### c. Plaintiff Maria Villa Balbuena

34.      Plaintiff, Maria Villa Balbuena, was employed by defendants in New York County, New York, to hold a sign on a street corner near defendants' bar and restaurant known as "Carragher's" from in or about February 2015, through June 24, 2018.

35.      During Plaintiff Maria Villa Balbuena's employment by Defendants, she worked over forty (40) hours per week. Plaintiff generally worked seven (7) days a week, and her work shift consisted of ten (10) hours per day in 2015; and eight (8) hours per day thereafter, for a total of at least fifty-six (56) working hours per week.

36.     Plaintiff Maria Villa Balbuena was not paid overtime compensation. Plaintiff was paid $8.00 per hour during her first two (2) years of employment; and $10.00 per hour thereafter.

37.     Plaintiff Maria Villa Balbuena was paid exclusively in cash; work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

38.     Plaintiff Maria Villa Balbuena was not paid an overtime premium when she worked more than forty (40) hours per week, which was virtually every week she worked.

39.     At all times relevant to this action, Plaintiff Maria Villa Balbuena was paid in cash and was not given an accurate weekly wage statement or other legally required documentation of her hours, hourly rate, and pay.

### d. Plaintiff Amalia Cortes

40.     Plaintiff, Amalia Cortes, was employed by defendants in New York County, New York, to hold a sign on a street corner near defendants' bar and restaurant known as "Carragher's" from in or about February 2015, through June 24, 2018.

41.     During Plaintiff Amalia Cortes' employment by Defendants, she worked over forty (40) hours per week. Plaintiff generally worked seven (7) days a week, and her work shift consisted of ten (10) hours per day in 2015; and eight (8) hours per day thereafter, for a total of at least fifty-six (56) working hours per week.

42.     Plaintiff Amalia Cortes was not paid overtime compensation. Plaintiff was paid $8.00 per hour during her first two (2) years of employment; and $10.00 per hour thereafter.

43.     Plaintiff Amalia Cortes was paid exclusively in cash; work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

44.     Plaintiff Amalia Cortes was not paid an overtime premium when she worked more than forty (40) hours per week, which was virtually every week she worked.

45.     At all times relevant to this action, Plaintiff Amalia Cortes was paid in cash and was not given an accurate weekly wage statement or other legally required documentation of her hours, hourly rate, and pay.

## COLLECTIVE ACTION ALLEGATIONS

46.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

47.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

48.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since April 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

49.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who currently are, or have been employed by the Defendant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and whom did not receive proper overtime

8

compensation for all hours worked above forty (40) per week (the "Collective Action Members").

50.    Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable.  The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant. Upon information and belief, the class consists of dozens of current and former non-managerial employees, and, is so numerous that joinder is impracticable and most individuals would not be likely to file suit because they lack financial resources, access to attorneys, or knowledge of their claims.

51.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

52.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

53.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether Plaintiffs and the Collective Action Members were improperly classified as exempt under the FLSA;

    c. Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

    e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

55.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

58.     Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

59.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

60.     Defendant failed to pay Plaintiffs and the Collective Action Members wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

61.     At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiffs and the Collective Action Members.

63.     Records concerning the number of hours worked by Plaintiffs and the Collective Action Members and the actual compensation paid to Plaintiffs and the Collective Action

11

Members are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

64.    Defendant failed to properly disclose or apprise Plaintiffs or the Collective Action Members of their rights under the FLSA.

65.    As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

66.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67.    Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

68.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.    At all relevant times Plaintiffs, and the Collective Action Members, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70.    Defendants knowingly and willfully violated Plaintiffs, and the Collective Action Members' rights by failing to pay them wages for all hours worked and overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

71.    Defendants knowingly and willfully violated Plaintiffs', and the Collective Action Members' rights by failing to pay proper wages and overtime compensation.

72.    Plaintiffs, and the Collective Action Members, are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.    Plaintiffs, and the Collective Action Members, also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

73.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

74.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages / minimum wages; overtime wages; "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.    Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

75.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

77.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

13

78.    At times relevant to this action Plaintiffs were paid cash, and not provided with an accurate wage statement as required by law.

79.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for their full hours worked; and, any overtime due.

80.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

81.    Plaintiffs were not provided with a proper, written notice at the time of hiring, as required by law.

82.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated collective action members, respectfully requests that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)    Designation of this action a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and

appointing Plaintiffs and their counsel to represent the Collective Action Members;

(c)     An award of unpaid wages and overtime wages due under the FLSA and New York Labor Law;

(d)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(e)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)     An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g)     An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(h)     An award of prejudgment and post-judgment interest;

(i)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(j)     Such other and further relief as this Court determines to be just and proper.

Dated:  New York, New York
        August 2, 2018

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    **Counsel for Plaintiffs**
                                    708 Third Avenue – 6th Floor
                                    New York, NY 10017

                        By:     _____
                                    Peter H. Cooper  (PHC 4714)

15

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Jose M. Balcon_, am an employee currently or
formerly employed by _Carraghers Pub_, and/or related
entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 6_, 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Nazareno Larios_ , am an employee currently or
formerly employed by _Carraghers Pub_ , and/or related
entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 12_ , 2018

_Nazam___

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Maria Villa_, am an employee currently or formerly employed by _Carraghers Pub_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 8_, 2018

_Maria Villa_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Amalia Cortes_ , am an employee currently or

formerly employed by _Carraghers Pub_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 8_ , 2018

_Amalia Cortes_